UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MELISSA KAREN ENGLISH                                                                         PLAINTIFF

V.                                                                              CIVIL ACTION NO.3:17-CV-219-DAS

COMMISSIONER OF SOCIAL SECURITY                                               DEFENDANT

FINAL JUDGMENT

This cause is before the court on the claimant's complaint for judicial review of an unfavorable final decision by the Commissioner of the Social Security Administration. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law and having heard oral argument, finds that the final decision of the defendant should be affirmed in part, and reversed and remanded in part.

The plaintiff has raised three issues in this appeal:

1. That the ALJ failed to evaluate the November 2013 x-rays of the plaintiff's spine and the report of Dr. Jim Adams who performed a consultative examination addressing plaintiff's physical conditions;

2. That the ALJ erred in her evaluation of the mental health consultative examination by Dr. Pamela Buck; and

3. The ALJ erred in her evaluation of the report by the plaintiff's mother under SSR 06-3P.

The court agrees with the plaintiff's first assignment of error and finds that the ALJ erred in the evaluation of the plaintiff's spinal x-rays. The record shows that the x-rays were ordered for use by Dr. Jim Adams, in connection with his consultative examination of the plaintiff, but were not taken until after his examination. The x-ray report includes a significant finding of spondylolisthesis of the lumbar spine of L-4 and L-5, "with near complete loss of the disc space," but Dr. Adam's report makes no reference to these x-ray findings. Nor is there any indication that the disability determination services physicians ever reviewed this x-ray report. The record does not show their receipt of the report and the physicians' reports do not comment on the x-ray report's finding. The only reference to these x-rays is by the ALJ, a lay person, who may not interpret medical findings. *Ripley v. Chater,* 67 F .3d 552, 557, n.2 (5th Cir. 1995).

Considering that the x-rays were ordered as part of the SSA's evaluative process and contained unusual, seemingly significant findings, but were never reviewed by a medical professional, the court finds error. In light of the fact that even a slight change in the claimant's assessed RFC, from a restricted range of light work down to sedentary, would result in the plaintiff being found disabled under the GRIDS, (the Medical-Vocational Guidelines, 20 C.F.R. Pt 404, Subpt P, App. 2 ), the court finds the error is prejudicial.

The court, however, affirms the defendant's decision as to the second and third issues raised by the plaintiff. The ALJ gave limited weight to the opinion of Dr. Buck, not only because her opinions and findings were internally inconsistent, but because her assessment of the severity of plaintiff's mental health issues is not supported by the treatment records of the

plaintiff's treating mental health professional.  Additionally, Buck only saw and evaluated the plaintiff one time.

The ALJ's decision demonstrates that she considered and weighed the plaintiff's mother's report.   The decision to give it little weight is supported by substantial evidence because it is inconsistent with the administrative record as a whole.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is reversed and remanded for further proceedings consistent with the ruling of the court and this judgment.

SO ORDERED AND ADJUDGED this the 1st day of October, 2018.


/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE